# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AURORA CERVANTES,<br><br>Plaintiff,<br><br>v.<br><br>ANTONIO VARGAS d/b/a POP'S BARGAIN MARKET, et al.,<br><br>Defendants. | Case No. 1:17-cv-00923-LJO-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE GRANTED IN PART**<br><br>(Doc. No. 18)<br><br>**OBJECTIONS DUE: 21 DAYS** |

## I. INTRODUCTION

On March 30, 2018, Plaintiff Aurora Cervantes ("Plaintiff") filed a motion for default judgment against Defendants Antonio Vargas d/b/a "Pop's Bargain Market," Mary A. Vargas, and Does 1-10 (collectively, "Defendants"). (Doc. 18.) No opposition to Plaintiff's motion was filed. The Court has reviewed the motion and supporting documentation and determined that the matter was suitable for decision without oral argument pursuant to Local Rule 230(g). As such, the hearing on the motion was vacated. (Doc. 23.)

For the reasons set forth below, the Court RECOMMENDS that Plaintiff's motion for default judgment be GRANTED IN PART.

## II. FACTUAL BACKGROUND

On July 12, 2017, Plaintiff filed a complaint pursuant to Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101-12213; the California Unruh Act, California Civil Code § 51 *et seq.*; and the California Disabled Persons Act, California Civil Code §§ 54 *et seq.* (Doc. 1 ("Complaint").) The Complaint seeks an award of statutory damages, costs of suit, attorney's fees, and injunctive relief. *Id.* Plaintiff alleges that she is disabled (Doc. 1, ¶ 6), and the property that is the subject of this suit, Pop's Bargain Market (the "Property"), presents numerous barriers that interfered with her ability to use and enjoy the goods, services, privileges, and accommodations offered at the Property. (Doc. 1, ¶ 15).

Defendants Antonio Vargas, d/b/a Pop's Bargain Market and Mary Vargas were served with the Complaint on December 13, 2017. (Docs. 11 & 12.) None of the defendants responded to the Complaint.

Plaintiff requested the Clerk of Court to enter default against Defendants on March 15, 2018 (Doc. 15), which was entered the next day. (Docs. 16 & 17.) On March 30, 2018, Plaintiff filed a motion for default judgment against Defendants, which is currently pending before the Court. (Doc. 18.)

## III. DISCUSSION

### A. Legal Standard

Federal Rule of Civil Procedure 55(b) permits a court-ordered default judgment following the entry of default by the clerk of the court under Rule 55(a). It is within the sole discretion of the court as to whether default judgment should be entered. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). A defendant's default by itself does not entitle a plaintiff to a court-ordered judgment. *See id.* Instead, the Ninth Circuit has determined a court should consider seven discretionary factors, often referred to as the "*Eitel* factors," before rendering a decision on default judgment. *See Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). The *Eitel* factors include (1) the possibility of prejudice to the plaintiff, (2) the merits of the plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due

to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *See id.*

A plaintiff is required to prove all damages sought in the complaint. *See Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1992). In addition, any relief sought may not be different in kind from, or exceed in amount, what is demanded in the complaint. Fed. R. Civ. P. 54(c). If the facts necessary to determine the damages are not contained in the complaint, or are legally insufficient, they will not be established by default. *See Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Finally, once the court clerk enters a default, the well-pleaded factual allegations of the complaint are taken as true, except for those allegations relating to damages. *Televideo Sys., Inc.*, 826 F.2d at 917–18.

**B.  Analysis**

    **1.  The *Eitel* Factors Weigh in Favor of Granting a Default Judgment**

        **a.  Prejudice to Plaintiff if Default Judgment is Not Granted**

The first *Eitel* factor looks at the possibility of prejudice to the plaintiff. If default judgment is not entered, Plaintiff will effectively be denied a remedy until Defendants participate and make an appearance in the litigation – which may never occur. Denying Plaintiff a means of recourse is, by itself, sufficient to meet the burden imposed by this factor. *See, e.g.*, *Philip Morris, USA, Inc. v. Castworld Prods., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003).

        **b.  Merits of Plaintiff's Substantive Claims and the Sufficiency of the Complaint**

The next two *Eitel* factors include an evaluation of the merits of the substantive claims pled in the complaint as well as the general sufficiency of the complaint. In weighing these factors, courts evaluate whether the complaint is sufficient to state a claim that supports the relief sought. *See Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978); *see also DIRECTV, Inc. v. Huynh*, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law.") (internal quotation marks omitted).

//

Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability" in places of public accommodation. 42 U.S.C. § 12182(a). "Discrimination" is defined as a failure to remove "barriers . . . where such removal is readily achievable." *Id.* at § 12182(b)(2)(A)(iv); *see also Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 945 (9th Cir. 2011) (en banc). Where a barrier's removal is not "readily achievable," a public accommodation must make its facilities available through "alternative methods if such methods are readily achievable." 42 U.S.C. § 12182(b)(2)(A)(v). "To prevail on a Title III discrimination claim, the plaintiff must show that (1) [he or she] is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her [or his] disability." *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). Further, "[t]o succeed on an ADA claim of discrimination on account of one's disability due to an architectural barrier, the plaintiff must also prove that: (1) the existing facility at the defendant's place of business presents an architectural barrier prohibited under the ADA, and (2) the removal of the barrier is readily achievable." *Parr v. L & L Drive-Inn Rest.*, 96 F. Supp. 2d 1065, 1085 (D. Haw. 2000).

According to the complaint, Plaintiff has a medical condition known as Systemic Lupus Erythematosus, and is thus "physically disabled" as defined by the applicable California and federal laws. (Doc. 1, ¶ 6.) Public accommodations include grocery stores, hardware stores and other sales or rental establishments if the operations of such entities affect commerce. 42 U.S.C. § 12181. Plaintiff alleges that Defendants own, operate, or lease the Property; thus, they are allegedly liable for the Property's compliance with the ADA.[1] (Doc. 1, ¶¶ 7–8.)

Plaintiff visited the Property and alleges that Defendants failed to provide barrier-free access to the Property in the following ways: (1) there were no accessible parking spaces; and (2) there was no unauthorized vehicle parking sign. (Doc. 1, ¶¶ 25–27.)

Plaintiff alleges that the removal of these architectural barriers is "readily achievable" and could have been achieved without much difficulty or expense. (Doc. 1, ¶ 18.) As these facts are

---

[1] Defendants are jointly and severally liable for ADA violations in any of these capacities. S*ee Botosan v. McNally Realty*, 216 F.3d 827, 832 (9th Cir. 2000).

4

taken as true regarding Defendants, (*see Televideo Sys., Inc.*, 826 F.2d at 917–18), Plaintiff has met her burden of stating a *prima facie* Title III discrimination claim.

Pursuant to the Unruh Civil Rights Act, all persons are "entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal Civ. Code, § 51(b). Additionally, no business establishment of any kind whatsoever shall discriminate against any person in California on account of disability. Cal. Civ. Code, § 51.5. The Unruh Act also incorporates an individual's rights under the ADA by reference, such that a violation of the ADA also constitutes a violation of the Unruh Civil Rights Act. Cal. Civ. Code, § 51(f). Here, Plaintiff alleges that Defendants denied her full and equal accommodations, advantages, facilities, privileges and services in a business establishment based on her disability. (Doc. 1, ¶ 28.) Further, because Plaintiff's complaint properly alleges a *prima facie* claim under the ADA, Plaintiff has also properly alleged facts establishing the necessary elements for an Unruh Civil Rights Act claim.

Like the Unruh Civil Rights Act, the California Disabled Persons Act (Cal Civ. Code §§ 54 *et seq.*) provides that a violation of a person's rights under the ADA also constitutes a violation of California Disabled Persons Act. Cal Civ. Code § 54.1. Thus, Plaintiff has also properly alleged facts establishing the necessary elements for a California Disabled Persons Act claim.

The Complaint sufficiently states Plaintiff's claim under Title III of the ADA, the Unruh Civil Rights Act, and California Disabled Persons Act, and as Plaintiff's allegations are taken as true for purposes of this motion for default judgment, there is merit to the substantive allegations. As such, these *Eitel* factors weigh in favor of default judgment.

### c. Sum of Money at Stake

The fourth *Eitel* factor, the sum of money at stake, weighs in favor of granting default judgment. Default judgment is disfavored when a large amount of money is involved or is unreasonable in light of the defendant's actions. *See Truong Giang Corp. v. Twinstar Tea Corp.*, No. C 06-03594-JSW, 2007 WL 1545173 at *12 (N.D. Cal. May 29, 2007). Here, Plaintiff is seeking a default judgment in the amount of $18,420.54, which includes attorney's fees and

costs.[2] Although the Court more closely scrutinizes the requested statutory damages, attorney's fees, and costs below, the Court does not find the overall sum of money at stake to be so large or excessive as to militate against the entry of default judgment, particularly when reduced for the reasons discussed below. Under these circumstances, the Court concludes that this factor favors the entry of a default judgment.

### d. Dispute Concerning Material Facts

The fifth *Eitel* factor is the possibility of a dispute concerning material facts. With regard to this factor, no genuine issues of material fact are likely to exist because the allegations in the complaint are taken as true, *Televideo Sys.*, 826 F.2d at 917–18, and Defendants have submitted nothing to contradict the well-pleaded allegations in the complaint. Accordingly, this factor favors entry of default judgment.

### e. Default Due to Excusable Neglect

The sixth *Eitel* factor considers whether the default was due to excusable neglect. Defendants failed to file responsive pleadings or oppose Plaintiff's motion for default judgment. The Court has no evidence before it establishing that Defendants' failure to participate in the litigation is due to excusable neglect. Thus, this factor weighs in favor of granting default judgment.

### f. Strong Policy Favoring Decision on the Merits

The final *Eitel* factor is the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. This factor inherently weighs strongly against awarding default judgment in every case. In the aggregate, however, this factor is outweighed in consideration of the other applicable factors that weigh in favor of granting default judgment.

### 2. Terms of the Judgment and Proof of Damages

While analysis of the *Eitel* factors supports a default judgment, the Court also considers the proof of the damages and the terms of the judgment sought by Plaintiff.

//

---

[2] Plaintiff requests statutory damages in the amount of $12,000.00 and attorney's fees and costs in the amount of $6,420.54, for a total of $18,420.54. (Doc. 18-1 at 15–16).

### a. Injunctive Relief

Plaintiff's complaint and motion for default judgment seek an injunction requiring Defendants to make several changes and accommodations at the Property. (Doc. 1, ¶ 29; Doc. 18-1 at 13.) As the factual allegations in the Complaint are taken as true, Plaintiff is entitled to injunctive relief as requested pursuant to both state and federal law. *See Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002) ("Damages are not recoverable under Title III of the ADA – only injunctive relief is available for violations of Title III.").

### b. Statutory Damages

The Unruh Civil Rights Act provides for, among other things, a minimum statutory damages amount of $4,000 per violation. Cal. Civ. Code § 52(a); *Grove v. De La Cruz*, 407 F. Supp. 2d 1126, 1133 (C.D. Cal. 2005) (the Unruh Act "provides for statutory damages up to a maximum of three times the actual damages but no less than $4,000 for each instance of discrimination"). A violation of the ADA constitutes a violation of the Unruh Act. As such, Plaintiff requests statutory damages in the amount of $12,000.00, which corresponds to three obstructed visits to the Property on February 5, 2016; March 4, 2016; and March 20, 2016 ($4,000.00 minimum statutory damages per visit). (Doc. 1, at 9–10; Doc. 18-1 at 2–3, 13.)

Although Cal. Civ. Code § 52(a) may permit a plaintiff to obtain the minimum statutory damages for each obstructed visit to a facility, a plaintiff cannot simply visit a facility more often to increase the amount of potential statutory damages. *Johnson v. Yaghoubian*, No. 2:16–cv–02299–TLN–CKD, 2017 WL 4778676, at *5 (E.D. Cal. Oct. 23, 2017); *Johnson v. Waterloo Enterprises, Inc.*, No. 2:16–cv–711–MCE–KJN, 2017 WL 5608110, at *4 (E.D. Cal. Nov. 21, 2017). Here, Plaintiff has made no showing as to why she returned to the Property—*after* her initial visit. For example, Plaintiff did not allege that she returned after having received good faith assurances from Defendants that the architectural barriers were removed. In light of that deficiency, the Court finds Plaintiff is only entitled to minimum statutory damages corresponding to one visit to the Property, i.e., $4,000.00.

### c. Attorney's Fees and Costs of Litigation

Pursuant to 42 U.S.C. § 12205, a party that prevails on claims brought under the ADA may

7

recover reasonable attorney's fees and costs, in the court's discretion. California Civil Code Section 55 also provides for attorney's fees and costs for obtaining injunctive relief and Section 54.3 provides fees for recovery of damages to enforce the "full and equal access" guaranteed to disabled persons by Section 54.1.

Attorney's fee awards are calculated using the lodestar method whereby the hours reasonably spent in the litigation are multiplied by a reasonable hourly rate. *Ferland v. Conrad Credit Corp*, 244 F.3d 1145, 1148–49 (9th Cir. 2001). The Ninth Circuit has explained the lodestar approach as follows:

> The lodestar/multiplier approach has two parts. First a court determines the "lodestar" amount by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. [*See D'Emanuele v. Montgomery Ward & Co., Inc.*, 904 F.2d 1379, 1383 (9th Cir. 1990); *Hensley v. Eckerhart*, 461 U.S. 424,] 461 (1983)]. The party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *See Hensley*, 461 U.S. at 433.
>
> A district court should exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, a court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation of the lodestar. [Footnote omitted] *See Blum v. Stenson*, 465 U.S. 886, 898-901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley*, 461 U.S. at 434 n.9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation). The lodestar amount is presumptively the reasonable fee amount, and thus a multiplier may be used to adjust the lodestar amount upward or downward only in "'rare' and 'exceptional' cases, supported by both 'specific evidence' on the record and detailed findings by the lower courts" that the lodestar amount is unreasonably low or unreasonably high. *See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air*, 478 U.S. 546, 565 (1986) (quoting *Blum*, 465 U.S. at 898-901); *Blum*, 465 U.S. at 897; *D'Emanuele*, 904 F.2d at 1384, 1386; *Cunningham v. County of Los Angeles*, 879 F.2d 481, 487 (9th Cir. 1989).

*Van Gerwin v. Guarantee Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000).

Here, Plaintiff seeks an award of $4,217.50 for total billable time spent on the case as well as $2,203.04 for costs and litigation expenses. (Doc. 18-1 at 15.) Specifically, Plaintiff requests (1) $4,217.50 for 12.05 hours of work expended by Daniel Malakauskas, Esq., at an hourly rate of $350; (2) $1,443.75 in expert witness fees; (3) $359.29 in process serving fees; and (4) $400 in

court filing fees. (Doc. 18-1 at 15.)

### (i) Mr. Malakauskas's Time Expended

A prevailing party is entitled to compensation for attorney time "reasonably expended *on the litigation*." *Webb v. Board of Educ. of Dyer County*, 471 U.S. 234, 242 (1985) (emphasis in original). The attorney's fee applicant bears the burden of establishing the appropriate number of hours expended. *Hensley*, 461 U.S. at 437; *see also Jadwin v. County of Kern*, 767 F.Supp.2d 1069, 1100 (E.D. Cal. 2011) ("The fee applicant bears the burden of documenting the appropriate hours expended in the litigation and must submit evidence in support of those hours worked."). Time is reasonably expended on the litigation when it is "useful and of a type ordinarily necessary to secure the final result obtained from the litigation." *Pennsylvania*, 478 U.S. at 561 (citation and internal quotations omitted).

Attorneys may not legitimately bill for clerical or secretarial work. *Z.F. by & through M.A.F. J.F. v. Ripon Unified Sch. Dist. (RUSD)*, No. 2:10–cv–00523–TLN–CKD, 2017 WL 1064679, at *6 (E.D. Cal. Mar. 21, 2017); *Lema v. Comfort Inn Merced*, No. 1:10–cv–01131–SMS, 2014 WL 1577042, at *6 (E.D. Cal. 2014) (citing *Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989)). "It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by nonlawyers[.]" *Lema*, 2014 WL 1577042, at *6.

Regarding the number of hours expended by Mr. Malakauskas, the Court finds that the amounts claimed by Plaintiff for certain tasks are reasonable; however, some of the time expended is for clerical or secretarial work and should be reduced. Specifically, on September 15, 2017, Mr. Malakauskas billed .30 hours (18 minutes) to prepare and send documents to the process server for service. (Doc. 18-12 at 2.) Similarly, on December 8, 2017, Mr. Malakauskas billed .50 hours (30 minutes) to again prepare and send documents to the process server for service and research the address to serve Defendants. (Doc. 18-12 at 2.) On December 15, 2017, Mr. Malakauskas billed another .50 hours (30 minutes) when he "mailed off documents and spoke with process server for a third time." (Doc. 18-12 at 3.) The Court finds that preparing and sending documents to the process server and speaking to the process server are appropriate

9

clerical tasks. Accordingly, these time entries (totaling 1.3 hours) are subtracted in their entirety from Mr. Malakauskas' billable hours.

The Court also finds that several entries are excessive or unnecessary given the routine nature of this case and reduces the entries accordingly. On October 11, 2017, Mr. Malakauskas billed .50 hours (30 minutes) to review process server documents and then draft and file a request for a continuance. (Doc. 18-12 at 2.) As the request was not even a page in length[3] and filing documents is a clerical task, the Court reduces this entry to .30 hours (18 minutes). On December 15, 2017, Mr. Malakauskas billed .45 hours (27 minutes) for speaking with the process server, which included one entry of .30 hours (18 minutes) and one entry of .15 minutes (9 minutes). (Doc. 18-12 at 2–3.) The Court finds such lengthy discussions with the process server to be unnecessary and will award Plaintiff fees for only the .30 hours (18 minutes). Also on December 15, 2017, Mr. Malakauskas billed 1.25 for reviewing service documents, drafting a status report, and filing documents, and on March 15, 2018, he also billed .50 hours (30 minutes) for drafting and filing a request for entry of default judgment. (Doc. 18-12 at 3.) The Court finds 1.25 hours (75 minutes) for drafting a brief status report and .50 hours (30 minutes) for drafting a routine request for entry of default judgment to be excessive, and any spent filing these documents is clerical work for which Plaintiff will not compensated. Accordingly, the December 15, 2017 entry is reduced from 1.25 hours (75 minutes) to .70 hours (42 minutes) and the March 15, 2018 entry is reduced from .50 (30 minutes) to .30 hours (18 minutes).

Finally, on March 30, 2018, Mr. Malakauskas billed 4.50 hours for drafting and filing the motion for default judgment and several related documents. The Court finds this amount to be excessive given the routine nature of this case and the precedent in the Eastern District for reducing the hours billed for similar motions in similar ADA cases. *See, e.g.*, *Acosta v. Hasan*, No. 1:16–cv–01691–DAD–SKO, 2017 WL 1075490, at *6 (E.D. Cal. Mar. 21, 2017) (reducing fees for a motion for default judgment to one hour of attorney time and one hour of paralegal time); *Gutierrez v. Leng*, No. 1:14–cv–01027–WBS–SKO, 2015 WL 1498813, at *9 (E.D. Cal.

---

[3] The Court also notes Mr. Malakauskas filed a request for continuance with the Plaintiff named as "Cynthia Hopson" instead of Plaintiff, Aurora Cervantes, in the body of the request (Doc. 6 at 2)—suggesting that Mr. Malakauskas drafted and reviewed this request hastily and in minimal time.

10

Mar. 31, 2015) (same). Considering Mr. Malakauskas' experience litigating ADA cases, three hours is a reasonable amount of time for him to prepare and finalize a motion for default judgment in this case and the Court reduces this time entry by 1.50 hours accordingly. After accounting for the reductions explained above, Plaintiff will be compensated for 8.15 hours of attorney time.

### (ii) Mr. Malakauskas's Hourly Rate

With regard to the hourly rate to be charged, courts generally calculate these rates according to the prevailing market rates in the relevant legal community. *Blum*, 465 U.S. at 895. In general, courts use the rates of attorneys practicing in the forum district, here, the Eastern District of California, Fresno. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1993); *Davis v. Mason Cnty.*, 927 F.2d 1473, 1488 (9th Cir. 1991). The fee applicant bears the burden of producing sufficient evidence that the requested rates are commensurate "with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum*, 465 U.S. at 895 n.11.

In determining a reasonable hourly rate, the court "may rely on its own familiarity with the local legal market and knowledge of customary rates." *Lema*, 2014 WL 1577042, at *5 (citing *Ingram v. Oroudjian*, 647 F.3d 925, 928 (9th Cir. 2011)). Courts within the Eastern District have recently set reasonable fee awards for experienced ADA attorneys practicing in the Fresno Division at $250.00 to $350.00 per hour depending on the level experience of the attorney. *Block v. Christian*, No. 1:16–cv–00650–LJO–SKO, 2017 WL 5248402, at *4 (E.D. Cal. Nov. 13, 2017) (finding $325 to be a reasonable hourly rate for an attorney with 24 years of experience in general litigation, but only 12 years working on ADA cases); *Trujillo v. Singh*, No. 1:16–cv–01640–LJO–EPG, 2017 WL 1831941, at *3 (E.D. Cal. May 8, 2017) (finding $300 to be a reasonable hourly rate for an attorney with over 15 years experience); *Z.F. by & through M.A.F. J.F.*, 2017 WL 1064679, at *6 ("Prevailing hourly rates in the Eastern District of California are in the $350–$550/hour range for experienced attorneys with over 15 years of experience in civil rights and class action litigation."); *O'Campo v. Ghoman, et al.*, No. 2:08–cv–1624–KJM–DBPS, 2017 WL 3225574, at *7 (E.D. Cal. July 31, 2017) ("[T]he overwhelming, if not unanimous, weight of

authority establishes that the current prevailing market hourly rate in this community for similar work performed by attorneys of comparable skill, experience, and reputation as the Hubbards is $250-$300 per hour); *Kalani v. Statewide Petroleum, Inc.*, No. 2:13–cv–2287 KJM AC, 2014 WL 4230920, at *6 (E.D. Cal. Aug. 25, 2014) (finding $250 an hour to be a reasonable hourly rate for an attorney with 14 years of litigation experience, but only five years of ADA litigation and stating: "Courts have determined $300 to be a reasonable hourly rate for a lawyer with twenty years' experience in civil rights litigation, practicing in Sacramento.").

Here, Plaintiff seeks an hourly rate of $350 for attorney Daniel Malakauskas. (Doc. 18-1 at 15.) In support of this request, Plaintiff submitted evidence establishing that Mr. Malakauskas has been practicing for almost nine years and has represented clients in ADA actions over 275 times. (Doc. 18-4, ¶ 7.) While Mr. Malakauskas is undoubtedly experienced in disability access litigation, the Court finds that a reasonable hourly rate for an attorney of Mr. Malauskas' experience is $275 per hour.

In sum, it is recommended that Plaintiff be awarded 8.15 hours of attorney time expended at an hourly rate of $275, for a total of $2,241.25.

### (iii) Litigation Expenses and Costs

Plaintiff seeks to recover costs in the amount of $2,203.04. (Doc. 18-1 at 15; Doc. 18-4, ¶¶ 3–5.) In Section 12205 of the ADA, Congress authorized a district court, in its discretion, to allow the prevailing party other than the United States to recover a reasonable attorney's fee, including litigation expenses and costs. 42 U.S.C. § 12205. The statutory provisions of the ADA provide direct authority for the award of expert witness fees as litigation expenses under the ADA. *See Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). The costs here include expenses for the court filing fee, costs of service, and a fee for a pre-filing site inspection of the Property, which are compensable pursuant to 42 U.S.C. § 12205 and *Lovell*. 303 F.3d at 1058. Plaintiff's overall litigation expenses and costs are compensable and should be awarded. Accordingly, it is recommended that Plaintiff be awarded the sum of $2,203.00[4] for litigation

---

[4] This amount reflects $359.25 in process serving fees, rather than the $359.29 Plaintiff requested. (Doc. 18-1 at 15; Doc. 18-4, ¶ 4.) Plaintiff provided receipts for $172.75 from a first process server and $186.50 from a second

12

expenses and costs.

**d. Conclusion**

For the reasons set forth above, the Court recommends Plaintiff be awarded $2,241.25 in attorney fees and $2,203.00 for the costs of suit. Plaintiff should also be awarded $4,000 in statutory damages. Thus, the total award of damages, fees, and costs recommended is $8,444.25.

# IV. RECOMMENDATION

Based on consideration of the declarations, pleadings, and exhibits to the present motion, the Court RECOMMENDS that:

1. Plaintiff's motion for default judgment (Doc. 18) be GRANTED IN PART;
2. Judgment be entered in Plaintiff's favor and against Defendants Antonio Vargas, as an individual and doing business as "Pop's Bargain Market," and Mary Vargas;
3. Defendants be found and declared to be in violation of Title III of the Americans with Disabilities Act;
4. Plaintiff be awarded statutory damages under the Unruh Act in the amount of $4,000, reasonable attorney's fees in the amount of $2,241.25 (8.15 hours at $275 per hour), and costs of suit in the amount of $2,203.00, for a total award of $8,444.25; and
6. Defendants be ordered to make the following modifications to the Property known as the "Pop's Bargain Outlet" located at 468 South Center Street in Turlock, California, such that each item is brought into compliance with the accessibility requirements of the Americans with Disabilities Act and California Code of Regulations, Title 24, as follows:
    a. Install the required number of accessible parking stalls provided in accordance with ADAAG 4.1.2, ADAS 208.1, 2013 CBC 11B-208.1 & 2016 CBC 11B-208.1, and
    b. Install the unauthorized vehicle parking signage at each installed accessible

---

process server. (Doc. 18-4, ¶ 4; Doc. 18-10.) The total of these two receipts is $359.25, not $359.29 as Plaintiff requests.

parking stall in accordance with 2013 CBC 11B-502.8 & 2016 CBC 11B-502.8.

Plaintiff is HEREBY ORDERED to mail a copy of these findings and recommendations to each of the defendants at the defendant's last known address.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within twenty-one (21) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the district judge's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated: **May 31, 2018** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE